**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

| | |
|---|---|
| **JAMAR ASA HOLT, SR.** | |
| Petitioner, | |
| **v.** | **Civil Action No.: 3:18-CV-46 (GROH)** |
| **WARDEN ENTZEL,** | |
| Respondent. | |

## <u>REPORT AND RECOMMENDATION</u>

### I.    INTRODUCTION

On March 30, 2018, Petitioner, an inmate incarcerated at FCI Hazelton, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, and a memorandum in support thereof.   ECF Nos. 1, 1-1.[1]   On February 25, 2019, the Respondent filed a motion to dismiss or, alternatively, for summary judgment, and memorandum in support thereof with exhibits attached thereto.  ECF Nos. 25, 26, 26-1 through 26-3.  Following issuance of a Roseboro notice on March 5, 2019, Petitioner filed a response on March 11, 2019.  ECF No. 28.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1]  All ECF numbers cited herein are from the instant case, 3:18-CV-46, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY[2]

### A.   Conviction and Sentence

On April 25, 2013, a sealed criminal complaint was filed in case number 8:13-CR-204 in the District of Maryland, Greenbelt Division.  ECF No. 12.  On January 13, 2014, a third superseding indictment was returned which charged Petitioner in Counts 1 through 6 with drug trafficking offenses, money laundering, and obstruction of justice, among other felonies.  ECF No. 122.

On February 4, 2014, Petitioner entered into a plea agreement which was filed with the Court.  ECF No. 130.  Pursuant to the terms of the agreement, Petitioner pled guilty to Counts 1 and 5 of the third superseding indictment, which respectively charge conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 1 kilogram or more of heroin, and money laundering.  Id.  Petitioner agreed that his sentence for Count 1 would be a mandatory minimum of ten years to a maximum term of life for Count 1, and twenty years of imprisonment for Count 5.  Id.  On July 15, 2014, Petitioner was sentenced to 240 months of imprisonment for each count, with those sentences to be served concurrently to one another.  ECF No. 152 at 2.

### B.   Prison Disciplinary Proceedings

On October 28, 2017, while Petitioner was incarcerated at FCI Hazelton, in Bruceton Mills, West Virginia, he was charged in an incident report with assaulting any

---

[2] Throughout Section II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 8:13-CR-204 from the District of Maryland, unless otherwise noted.  Unless otherwise noted, the ECF entries in this section refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

person, in violation of Prohibited Act Code § 224.  ECF No. 26-1 at 14.  On that date, employee N. McIntyre reported that:

> While standing in front of the unit office in M2 housing, [ ] I witnessed inmate Holt # 41094-037 strike Inmate [name redacted] in the face with a closed fist [which] cause[ed the] inmate to fall to the floor.  At no time did [the other] Inmate [ ] strike back or attempt to hit inmate Holt.

Id.  According to the incident report, Petitioner said "no comment", when asked by the Unit Disciplinary Committee ("UDC") about the incident.  Id.  The UDC referred the matter to a Discipline Hearing Officer ("DHO") because the recommended sanctions were "greater than allowed at the UDC level".  Id.  On October 30, 2017, a "Notice of Discipline Hearing Before the (DHO)" ("the Notice") was issued to Petitioner, who signed and dated the document on that date.  ECF No. 26-1 at 28.  The Notice indicated that Petitioner initially elected to have a staff representative, unit manager Rivera, at the hearing, but Petitioner later waived that right on November 1, 2017.  Id.  The Notice further indicated that Petitioner did not wish to call witnesses.  Id.  On the same date the Notice was issued, October 30, 2017, Petitioner also received and acknowledged receipt of "Inmate Rights at Discipline Hearing" notice.  Id. at 30.

The DHO hearing was held on November 1, 2017, by DHO D. Huff, whose Discipline Hearing Officer Report was issued March 26, 2018.  Id. at 32 – 34.  According to the DHO Report:

> Inmate Holt provided the following statement: "Yes, it is true. They grabbed the wrong inmate first.  I just went back to my unit.  I seen some of my guys I got off the computer and went over to ask what was going on.  I told him he has two groups railed up. What the deal?  He pulled his pants up and I defended myself.  I punched him."

ECF No. 26-1 at 32.  The DHO found that Petitioner committed the act as charged, and

3

included the following specific evidence relied on to support his findings:

> Supporting documentation dated 10-27-2017 from Operations Lieutenant Weaver; supporting documentation dated 10-27-2017 from Correctional Officer Dumire; supporting documentation dated 10-27-2017 from Correctional Officer Redd; supporting documentation dated 10-27-2017 from Case Manager Payne; supporting documentation dated 10-27-2017 from Correctional Counselor Morgan; clinical encounter dated 10-27-2017 for inmate Holt, J. (41094-037); clinical encounter dated 10-27-2017 for [inmate name redacted]; and 2 digital photographs.

ECF No. 26-1 at 33.  The DHO further explained that:

> [Holt] admitted to the DHO that the report was true and [Holt] punched [inmate name redacted] which clearly supported the account provided by Officer McIntyre that you were observed striking [inmate name redacted] in the face with a close fist. [Holt's] claim that it was in self-defense was considered but insufficient to excuse [Holt] from the offense.  The DHO informed [Holt] that "self-defense" is an action by which a person protects himself from any bodily harm arising out of an attack or an assault.  [Holt was] informed that "self-defense" is accepted on a case by case basis.  An acceptable case for self-defense would have been that [Holt] chose to flee the area, or took no offensive stance or delivered no offensive strikes.  Additionally, Inmate [name redacted] actions of pulling up his pant does not identify him as an immediate threat in which [Holt] would need to defend [himself].  In [Holt's] case, [Holt] elected to strike first identifying [him]self as the perpetrator, when in fact [Holt] could have just simply walked away.

> Therefore, based on the evidence outlined above, the DHO finds the greater weight of evidence to support [Holt] committed the prohibited act of assaulting any person, Code 224 and sanctioned [Holt].

Id.  As a result of this finding, the DHO imposed a sanction of disallowance of 27 days of Good Conduct Time ("GCT"), as well as 21 days of disciplinary segregation and 120 days of loss of phone privileges and commissary restriction.  Id.

### C.      Instant § 2241 Petition

In the Petition, Petitioner asserts that BOP violated his due process rights during his disciplinary hearing process by violating its own policy in violation of the Accardi doctrine.  ECF No. 1 at 5.  Petitioner further asserts that he was removed from his unit for a violation of offense code 224, and placed in the Special Housing Unit ("SHU").  ECF No. 1-1 at 1.  Petitioner claims his Constitutional rights were violated by BOP staff who refused to provide him a staff representative for his hearing before the Disciplinary Hearing Officer ("DHO").  Id. at 1 – 2.  Further, Petitioner contends that he was not provided with any written findings from his DHO hearing.  Id. at 2.  Petitioner concedes that he failed to administratively exhaust his claims, but asserts that he was prevented from exhausting when he was denied a copy of the DHO report.[3]  Id. at 4 – 5.  Petitioner requests that the Court vacate his conviction for offense code 224, and expunge his inmate record.  ECF No. 1 at 6.  Petitioner further requests that his custody level be restored to low level, that he be transferred to a low level institution, and for restoration of his Good Conduct Time which was disallowed by the DHO as a result of the disciplinary proceedings.  Id.

## III.      STANDARD OF REVIEW

### A.      Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's

---

[3]  According to the DHO report, a copy was delivered to Petitioner by C. Magenta on March 26, 2018.  ECF No. 26-1 at 34.

case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[4]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

**C.   Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary hearing.  Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015).  An inmate who is subject to a disciplinary conviction which results in a loss of good-conduct credit is entitled to the following for the minimum requirements of procedural due process:

1.  giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2.  providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3.  allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4.  if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5.  providing impartial factfinders.

Wolf v. McDonnell, 418 U.S. 539, at 564-566, 570-571; Burgess, 628 Fed. Appx. at 176 (quoting Wolff).

**D.   Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of

Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding pro se and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

**E.     Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact."  477 U.S. at 323.  Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict."  Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Id.  The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]."  Id.   "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation.  Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  Matsushita, supra, at 587.

"Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.   ANALYSIS

Petitioner contends that his due process rights were violated during the prison disciplinary proceedings held on November 1, 2017.  ECF Nos. 1 at 5, 1-1 at 4 – 5. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate

> comprehension of the case, permitting the prisoner the aid
> of a fellow prisoner, or if that is forbidden, aid from staff or
> a sufficiently competent inmate designated by staff; and
>
> 5.   providing impartial factfinders.

Id. at 564-566, 570-571.

In the present case, the Court finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons.  First, Petitioner received notice of the disciplinary hearing on October 30, 2017, two days before the hearing was held. ECF No. 26-1 at 28.  Additionally, Petitioner was given notice of the charge on October 28, 2017, when he was provided a copy of the incident report by Lt. Bostic.  Id. at 32. Second, the DHO Report includes several paragraphs which explain the specific evidence relied on to support the findings, including five statements of staff members, medical clinical encounter notes, digital photographs and the statement of Petitioner.  Id. at 33. Third, Petitioner was offered the opportunity to call witnesses and present evidence, which he declined to do, other than testifying in his own behalf.  Fourth, Petitioner is not illiterate, nor did the complexity of the issue make it unlikely that Petitioner could collect and present the evidence necessary for an adequate comprehension of the case; thus Petitioner did not require the aid of a fellow prisoner or staff.  Nonetheless, Petitioner was offered staff aid and initially requested staff representative, unit manager Rivera, to assist him.  Id. at 28.  However, Petitioner later waived his right to staff assistance.  Id.  Finally, the DHO was an impartial factfinder, who was not the staff member who authored the Incident Report.  The incident report was authored by N. McIntyre, who testified before DHO Huff.  ECF No. 26-1 at 14, 32 – 34.

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision.  Superintendent v. Hill, 472 U.S. 445, 455. (1985) ("due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing."  Id. at 457).  Determining whether there is some evidentiary basis to support a decision:

> Does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 455 - 56.  In this case, the Disciplinary Hearing Officer found Petitioner guilty of assault on any person, in violation of Prohibited Act Code § 224.  The reasons listed by the DHO for his finding, including that Petitioner admitted hitting a fellow inmate, the statement of the reporting staff member in the Incident Report, and the statements of other staff members.  This Court finds that the evidentiary requirement standard enunciated in Superintendent v. Hill, supra, that there must be "some evidentiary basis" to support the DHO's findings, was met.  Therefore, the undersigned finds that the Disciplinary Hearing Officer's decision is supported by some evidence and that the Petition as a whole should be denied.

### C.    Analysis of Respondent's Motions

Respondent filed a motion to dismiss, or, alternatively, for summary judgment.  Pursuant to Wolff v. McDonnell, supra, the claims of Petitioner regarding the alleged unconstitutionality of his disciplinary proceedings are appropriately raised in his § 2241 complaint.  Pursuant to Republican Party of North Carolina v. Martin, supra, a motion to dismiss "tests the sufficiency of a complaint" but "does not resolve contests surrounding

facts, the merits of a claim, or the applicability of defenses."  It appears to the Court that the petition, when construed liberally, could prove some set of facts in support of Petitioner's claim which would entitle him to relief.  Accordingly, it appears that the Petition is not appropriate for dismissal under Rule of Civil Procedure 12(b)(6).

However, the Petition does appear appropriate for summary judgment.  Consistent with the holding of Celotex Corp. v. Catrett, supra, the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Although Petitioner has asserted that his due process rights were violated during the disciplinary hearing process[5], he has failed to meet his burden to produce specific facts which show the existence of a genuine issue for trial in response to the Respondent's properly supported motion for summary judgment.

Pursuant to the holding of Superintendent v. Hill, supra, the results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision.  This Court finds that there is some evidentiary basis to support the decision of the DHO.  Accordingly, even when viewing all the evidence in the light most favorable to the nonmoving party, it appears that the Respondent is entitled to judgment as a matter of law.

## V.    RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

---

[5]  Those assertions which are in dispute, include that: (1) he was not provided a staff representative for his hearing before the DHO; (2) he was not provided any written findings from his DHO hearing; and (3) he failed to exhaust his claims because he was denied a copy of the DHO report.

This Court also **RECOMMENDS** that Respondent's "Motion to Dismiss, or, Alternatively, for Summary Judgment" [ECF No. 25] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:**        May 15, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE